EARNEST STRICKLAND *v.* STATE OF INDIANA.

[No. 475S78. Filed January 25, 1977.]

*Barrie C. Tremper,* Allen County Public Defender, *Thomas L. Ryan,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.—Earnest Strickland, hereinafter the defendant, was charged, tried and convicted by jury of murder in the first degree of William Logan. He was sentenced to life imprisonment. The defendant filed his motion to correct errors and he appeals raising issues concerning the sufficiency of the evidence, the admission and exclusion of certain evidence, comments of the prosecutor during final argument and an instruction given by the trial court at the state's request.

Briefly, the relevant facts are as follows. Two days previous to the homicide and the day of the homicide, altercations

occurred between the defendant and Lorenzo Danzey. On the day of the homicide, Danzey while accompanied by some companions approached the defendant as he sat in a tavern and slapped him across the ears, knocked him off his stool and kicked him in the side. A skirmish line was drawn at trial over whether the deceased, Logan, was among Danzey's companions at these two encounters. Testimony was conflicting.

After the encounter with Danzey, the defendant left the tavern and sought to borrow a shotgun from his neighbor, who refused. The defendant then went to the police explaining he wanted two men arrested for assault and battery. He agreed to work with vice squad officers after he told the officers that the two men wanted him to sell marijuana for them. He rode with a vice squad officer circling some taverns, but they did not see the two men. The defendant stated on two occasions that he could not take any more beatings and that he would "get" them.

After the officer dropped him off, the defendant returned to his neighbor's apartment and let himself in. He took the shotgun and walked back to the tavern. He entered through the back door carrying the shotgun. James Beasley was in the tavern at this time playing pool. He approached the defendant with a cue, was shot and wounded. The defendant then went into the barroom of the tavern and announced, "I'm tired of you all f-----g with me." He approached the deceased, Logan, who was sitting at the bar and prodded him with the shotgun. Logan raised his head off the bar and half-facing the defendant said, "Aw, go ahead on! You ain't going to do nothing." The defendant then shot Logan and went out the back door. William Edward Logan died as a result of wounds received from the shotgun blast.

I

The defendant argues that this evidence is insufficient to support the jury's verdict. He believes the state failed to

show the deceased was involved in the beatings of defendant previous to the homicide and that the evidence shows the defendant's intent was to use legal means to redress the wrong done him, through the aid of the police. He urges the evidence shows no more than a homicide resulting from an undifferentiated anger and frustration, insufficient to constitute malice, establishing, if anything, that the death was the result of an act committed in a sudden heat of passion occasioned by sufficient provocation.

When reviewing a claim that the evidence is insufficient to support the jury's verdict, this Court does not reweigh the evidence nor judge the credibility of the witnesses. We look to the evidence and all reasonable inferences which can be drawn from that evidence most favorable to the verdict and determine whether all the necessary elements of the crime charged have been established. The evidence must be of sufficient probative value for the jury to reach a verdict of guilty beyond a reasonable doubt. *McAfee* v. *State*, (1973) 259 Ind. 687, 291 N.E.2d 554.

The subsection of the statute defining first degree murder reads as follows:

"(a) Whoever kills a human being . . . purposely and with premeditated malice . . . is guilty of murder in the first degree. . . ." Ind. Code. § 35-13-4-1.

The defendant admits Logan died as the result of wounds received from the discharge of a shotgun fired by the defendant. Malice can be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death or great bodily harm and, also, the purpose to kill may be inferred from the act of killing. *Clark* v. *State*, (1976) 265 Ind. 161, 352 N.E.2d 762; *Kerns* v. *State*, (1976) 265 Ind. 39, 349 N.E.2d 701. The defendant argues that the evidence is only sufficient to show the killing was done in the heat of passion. It is true that the inference of malice, that may be drawn from the use of a weapon, is rebuttable. However, the introduction of evidence contradicting that inference

and the offering of an alternative explanation of the facts does not render the evidence insufficient to prove malice where the jury chooses to disbelieve the defendant's theory of the case. Our scrutiny is limited to determining whether there is sufficient evidence of probative value to support the jury's verdict. *Everett* v. *State*, (1934) 208 Ind. 145, 195 N.E. 77.

A conviction of first degree murder must also be supported by evidence of premeditation. Premeditation is the holding in the mind and reflection upon a thought. *Maxey* v. *State*, (1976) 265 Ind. 224, 353 N.E.2d 457. Although the malice must be deliberated upon, a premeditative act may occur almost instanteously.

> "Where the homicide has been preceded by a concurrence of will, with an intention to kill, and these are followed by deliberate thought or premeditation, although they follow as instantaneous as successive thoughts can follow each other, the perpetrator may be guilty of murder in the first degree." *Everett* v. *State, supra,* at 150.

Here, it was not unreasonable for the jury to believe that Logan was one of the men who had attacked the defendant. The defendant had uttered threats against two men, and after entering the tavern he singled Logan out, by prodding him with the shotgun. Although the evidence is conflicting as to whether Logan was among those who attacked him, the defendant, in a statement made to the police shortly after the homicide, had stated he was. Though motive may evidence premeditation, the two are not necessarily the same. The defendant singled Logan out of a crowd, prodded him with the shotgun and killed him. This evidence is sufficient with respect to malice and premeditation.

## II

The court sustained a state's objection to a question asked by defense counsel during cross-examination of state's witness James Beasley. Beasley was shot by the defendant previous to the killing of Logan.

Q. "To the best of your knowledge, is there any fact within your knowledge that would lead you to believe that Mr. Strickland had any malice towards Mr. Logan?"

No offer to prove was made, but none is required of counsel to preserve error in cross-examination; it is presumed that counsel cannot know what the testimony will be. *Walker* v. *State*, (1970) 255 Ind. 65, 262 N.E.2d 641.

Generally, the opinion rule excludes an eyewitness's conclusion as to the state of mind of another person. This is the province of the jury, which is equally able to infer a person's state of mind or emotions from testimony limited to particular facts and circumstances observed by the eyewitness. Although there is authority for a different view, the jury determines the psychological facts; the witness is limited in his testimony to the indicia he observed. *Clay* v. *State*, (1976) 264 Ind. 495, 346 N.E.2d 574; *Gayer* v. *State*, (1965) 247 Ind. 113, 210 N.E.2d 852; 7 Wigmore on Evidence § 1962 (3d ed. 1940). Although defendant's counsel believed he was seeking facts, his question inextricably mixed fact and opinion. In order for the witness to answer the question asked, he would be expressing an opinion as to an ultimate fact of malice, strictly within the province of the jury to determine from all the evidence. There was no error in the trial court's ruling.

### III

The trial court sustained a state's objection to two questions asked of the defendant on direct examination. In the first of these questions, the defendant was asked if he had spoken with Danzey subsequent to the killing of Logan while both the defendant and Danzey were in jail. An objection was made and sustained. No offer to prove was made by defense counsel as to what the witness would testify to were he permitted to answer. An offer of proof was made as to the following line of questions, testimony which is discussed as the next issue in this case, but

that offer did not relate back to this question. An offer of proof must be made in order to preserve an objection to the exclusion of evidence for review; otherwise, neither this Court nor the trial court can determine its admissibility. An offer of proof must be timely made on the exclusion of evidence and must clearly show its admissibility by revealing its purpose, relevance and materiality. *Schwartz* v. *State*, (1966) 247 Ind. 166, 214 N.E.2d 165. Here, no offer of proof was made, defense counsel made no argument favoring the introduction of the evidence and the line of questioning does not reveal what the witness was expected to answer. There was no error in the exclusion of this evidence.

Another objection was sustained by the trial court when the defendant sought to introduce a conversation between the defendant and a Mr. Brown, the man who killed Lorenzo Danzey. Defense counsel argued that the conversation would show Danzey's propensity for violence, tending to show that the defendant took the shotgun with him to the tavern for protection not aggression. Specific instances of aggression toward the defendant by Danzey had been introduced. The evidence offered was cumulative of evidence already introduced, the exclusion of which is reversible for an abuse of discretion alone. *Chappell* v. *State*, (1926) 197 Ind. 272, 150 N.E. 769. There was no such abuse in this instance.

## IV

At trial the interrogating officer read from a verbatim report made of an interview he had with the defendant shortly after the shooting. Then a video tape was played of a second interview with the defendant made some hours after the first statement. Later, on cross-examination, after the detective stated his belief that the video tape contained a statement of the defendant's intention to shoot Danzey, defense counsel asked the detective to relate what that statement was. There was no such statement on the video tape. The defendant uses a substantial

portion of his brief on this issue, in trying to discredit the detective's recitation of the defendant's first statement. This argument has no relevance to the question posed. As asked, the question merely tested the detective's memory of the video tape just played in open court. If the defendant's purpose in asking the question was impeachment of the detective, it would only impeach him as to his memory of the video tape. He had already stated that he believed there was such a statement. The conduct of cross-examination is within the sound discretion of the trial court reversible for an abuse only. *Siblisk* v. *State,* (1975) 263 Ind. 651, 336 N.E.2d 650; *Ringham* v. *State,* (1974) 261 Ind. 628, 308 N.E.2d 863. There was no error in the exclusion of the answer.

## V

The defendant took the stand in his own defense. During cross-examination the prosecutor read from a transcript of the defendant's video taped statement. The portion read indicated the defendant knew whom he had shot. The prosecutor then asked the defendant, "Do you consider that a bit inconsistent with the testimony you just gave about not even knowing he was in front of you four feet away and not knowing that you ever shot him?" Defense counsel objected to this question on the grounds it was argumentative and invaded the province of the jury. The objection was overruled and the defendant was then asked to explain the inconsistency. The defendant now argues in addition that the qeustion was improper because a foundation for impeachment was not laid by seeking an affirmation or denial of the previous statement by the defendant. Grounds for objection not raised in the trial court are not available on appeal. *Gaynor* v. *State,* (1966) 247 Ind. 470, 217 N.E.2d 156.

The remaining ground of objection is that the question was "argumentative." Counsel's objection seems to refer either to the suggestiveness of the question posed or to the manner of the prosecutor's cross-examination Leading questions are permissible on cross-examina-

tion and the conduct of cross-examination is within the sound discretion of the trial court, reversible only for a clear abuse. *Siblisk* v. *State, supra, Ringham* v. *State, supra.* Allowing the question was not reversible error for its suggestiveness, neither was the question phrased in such a manner as to abuse the witness. We find no reversible error.

## VI

During the state's closing argument, the prosecutor in recommending the credibility of a state's witness, explained to the jury that the prosecutor's office keeps a record of statements made by witnesses after the events have occurred. He explained that these statements are available to the defendant and that if prior statements are inconsistent with the trial testimony of a witness, it is proper to bring those inconsistencies forth on cross-examination. The defendant objected to this as being testimony by the prosecutor on evidence not in the record. The objection was overruled. Later in his argument, the prosecutor commented favorably on the credibility of another witness by referring to a statement he had made. Objection was made and sustained. As to this second alleged misconduct there is no error. Defense counsel did not seek a mistrial or admonishment of the jury, and after the objection was sustained, the prosecutor pursued a new line of argument.

It is permissible for a prosecutor to argue the evidence favoring the credibility of a witness. He may not, however, express a personal opinion as to the guilt of the accused or intimate that his belief of a certain witness is based upon personal knowledge of facts not before the jury. His argument is restricted to matters in the record. *Rufer* v. *State,* (1976) 264 Ind. 258, 342 N.E.2d 856; *Hubbard* v. *State,* (1974) 262 Ind. 176, 313 N.E.2d 346; *Jackson* v. *State,* (1888) 116 Ind. 464, 19 N.E. 330. Here, the prosecutor comes dangerously close to buttressing the credibility of his witness by intimating a personal knowledge of his records. The statements were not in evidence, but in

light of the defendant's closing argument that this witness was not even present and had acquired his testimony from discussions of the matter with other persons, the prosecutor's remarks were proper. The fact that prior statements are kept on file was in the record, since such statements had been introduced as to other witnesses. The prosecutor was arguing a permissible inference from the lack of impeachment through prior statements. In this light, the prosecutor was not intimating a belief in this witness based on personal knowledge outside the record.

## VII

The state requested the following instruction:

> "The Court instructs you that the mere fact that the defendant may have consumed some alcoholic beverage before the commission of this crime, that he may have been intoxicated at the time, does not excuse or reduce his responsibility for the crime unless you find that he was so intoxicated as to be incapable of forming a specific intent to commit the crime."

At trial, the defendant objected, "[O]n the grounds that it was not raised as a defense in this cause and this could only confuse and mislead the Jury." In his motion to correct errors and in his brief, the defendant objects to specific language of the instruction referring to the "crime" as misleading the jury into assuming the defendant's guilt. Specific grounds not raised as an objection at trial are not preserved for review. *Lynn* v. *State,* (1971) 255 Ind. 631, 266 N.E.2d 8. It is certainly not a model instruction and its use is not encouraged by this Court.

The defendant also objects to the instruction because intoxication was not raised as a defense by the defendant through argument or otherwise. A requested instruction is properly given where it relates to the issues in the case and is supported by the evidence. *Hash* v. *State,* (1972) 258 Ind. 692, 284 N.E.2d 770. Here, evidence was admitted showing that the defendant had been

drinking on the night of the shooting. The intent of the defendant was an important issue in the case. It was proper to instruct the jury on the intoxication as a defense.

There being no reversible error shown, the judgment is affirmed.

Givan, C.J., DeBruler and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 359 N.E.2d 244.