JAMES W. COLLINS *v.* STATE OF INDIANA.

[No. 576S137. Filed November 18, 1977.]

*Philip R. Melangton, Jr., Melangton & Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, James W. Collins, was charged by way of indictment with first-degree murder. Trial was before a jury which returned a verdict finding the defendant

guilty of second-degree murder. The defendant was sentenced to not less than fifteen nor more than twenty-five years' imprisonment. He appeals from this conviction raising the following issues:

1.  Whether it was a denial of his right to confrontation for the trial court to admit hearsay in establishing the cause of death;

2.  Whether it was error for the trial court to exclude testimony as to the victim's prior record of assault and battery; and

3.  Whether there was sufficient evidence to support the jury's verdict.

## I.

An autopsy was performed on the body of Patricia Starling by a Dr. Esparza in the presence and under the supervision and control of Dr. Benz, a forensic pathologist and deputy coroner in Marion County. Through Dr. Benz an autopsy report prepared by Dr. Esparza was admitted into evidence. The admission of the report and the entire testimony of Dr. Benz was objected to by the defendant. The defendant claims that the admission of this evidence denied him his right to confrontation.

The admission of this evidence was not error. The report was a properly authenticated public record, and as such was admissible. *Wright* v. *State*, (1977) 266 Ind. 327, 363 N.E.2d 1221. If portions of this report were inadmissible, specific objections should have been made. It is also proper for an expert to give an opinion based upon the autopsy report prepared by another. *Morris* v. *State*, (1977) 266 Ind. 473, 364 N.E.2d 132, *Wright, supra.* Here, Dr. Benz was testifying both from the report and from firsthand knowledge. The defendant's right to confrontation

is not violated by the admission of the evidence. The constitutional right to the confrontation of witnesses does not require that no hearsay evidence may be introduced at trial. *Dutton* v. *Evans,* (1970) 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed. 2d 213.

## II.

Prior to trial the state filed a motion in limine in regard to evidence of the criminal history of the deceased. This motion was sustained by the trial court with respect to evidence of mere arrests and criminal charges. It was admitted that the defendant was not aware at the time of the incident of any of the offered evidence. The defendant did produce and was permitted to introduce evidence of one conviction for assault and battery. The defendant was not permitted to introduce evidence of two arrests for assault and battery. He now asserts that the trial court erred in not permitting the introduction of this testimony.

In speaking of the use of arrests for impeachment purposes, Professor Wigmore states that:

"It should be understood by all courts that the only relevant circumstance is actual conduct, i.e., the fact, not the mere charge, of having misbehaved. If it is impossible to prove this by extrinsic testimony on the stand, it is doubly improper to attempt to prove it by hearsay. . . ." III A WIGMORE ON EVIDENCE § 980 (Chad. rev. 1970).

A mere arrest or charge does not tend to prove actual behavior. The offered evidence not being probative of the character of the deceased, it was not error for the trial court to exclude this evidence.

## III.

The defendant contends that it was error for the trial court to allow the charge of first-degree murder to go to the jury, there being insufficient evidence of premeditation. He

also claims that there was insufficient evidence to support the jury's verdict on second-degree murder.

The evidence, viewed most favorably to the verdict, was as follows. The defendant and the victim were having an argument beside the air hose at a service station. The victim was heard to say, "Leave me alone, you son of a bitch, I'll do it myself." The argument then progressed into pushing and an exchange of blows; the defendant kicked the victim in the groin and she attempted to strike the defendant with a flashlight. The defendant then either went to his car and got a gun or took a gun from his pocket and shot the woman from a distance of about one foot.

The defendant's only argument to support his contention as to permitting the charge of first-degree murder to go to the jury, is that the firing of the gun took place too quickly for the formation of a premeditated intent. The evidence presented was sufficient to allow first-degree murder to go to the jury. Although premeditation cannot form instantaneously with the act, there clearly was sufficient time under these facts to sustain an inference of premeditation. *Everett* v. *State*, (1934) 208 Ind. 145, 195 N.E. 77. There was no error.

The evidence presented was also sufficient to support the jury's verdict on second-degree murder. Malice may be inferred from the intentional use of a deadly weapon in a manner reasonably calculated to cause death or great bodily harm. *Clark* v. *State*, (1976) 265 Ind. 161, 352 N.E.2d 762; *Kerns* v. *State*, (1976) 265 Ind. 39, 349 N.E.2d 701. The defendant argues that the evidence was only sufficient to show that the killing was done in the heat of passion. It is true that the inference of malice is rebuttable. However, an alternative explanation of the facts does not render the evidence insufficient to support a verdict, when the

jury chooses to disbelieve that theory of the case. *Strickland v. State,* (1977) 265 Ind. 664, 359 N.E.2d 244.

For all the foregoing reasons there was no trial error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 369 N.E.2d 422.