CAROL ANN WILDS *v.* STATE OF INDIANA

[No. 578S93. Filed December 21, 1978.]

*Stephen C. Haas*, of Evansville, for appellant.

*Theodore L. Sendak*, Attorney General, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of second degree murder and was sentenced to a term of 15-25 years in prison.

Appellant and the decedent were married and had had a history of marital problems. They had argued frequently and had become violent on occasion. On August 17, 1977, appellant persuaded her daughter and one Steven Roth to accompany her to a gun store to buy ammunition for a gun she had recently acquired. Roth purchased a box of shells for her and the trio then found a secluded place to shoot the gun, as appellant wanted to be shown how to use it. All three persons fired the gun, including appellant who shot it five or six times. About 12 to 15 bullets were shot. The rest of the box of 50 were placed in appellant's purse.

The next day, appellant and decedent were home with several other persons. The couple seemed somewhat angry with each other, although they did not openly argue in front of their guests. During the course of the afternoon's conversation, appellant made the comment that if the decedent ever beat her up, "I will blow you away while you are asleep."

That night, police were called to the residence and found the decedent lying on an upstairs bed. He was rushed to a hopsital, but died within minutes of arrival. An autopsy revealed fingernail scratches on the decedent's face, as well as a total of seven bullet wounds in the neck. An expert determined that the gun was fired about 15 inches from decedent's neck.

Appellant set up the defense of self-defense. She testified that when the decedent came home, they began to argue. Decedent became violent, grabbed her, smacked her around, followed her to the living room and upstairs to continue the altercation, hit her in the back, and then walked off. The next thing she remembers is the gun going off.

Appellant first contends the evidence is insufficient to support the verdict in that the State failed to prove the absence of self-defense. To prevail in such a claim, appellant must show that there is a lack of substantial evidence of probative value that appellant did not act in self-defense. Appellant must have acted without fault, have been in a place where she had a right to be, and have been in real or apparent danger of death or great bodily harm. *White v. State*, (1976) 265 Ind. 32, 349 N.E.2d 156. While appellant's story is somewhat logical, the jury may legitimately have believed the State's version, par-

ticularly in light of the evidence of her actions and statements of the previous two days and from the scratch marks and seven bullet wounds fired at close range. It was within their province as the trier of fact to do so. *White v. State, supra.*

Appellant's other contention is that the State failed to prove malice and, therefore, the judgment should be reduced to that of voluntary manslaughter. Malice may be inferred from the intentional use of a deadly weapon in a manner reasonably calculated to cause death or bodily harm. *Collins v. State,* (1977) 267 Ind. 233, 369 N.E.2d 422. Here, the firing of the seven shots at close range, the use of the gun the previous day, and the statements regarding "blowing him away" are more than sufficient to support an inference of malice. Appellant's alternative explanation that the killing was done without malice and in the heat of passion does not render the evidence insufficient, as the jury may simply have chosen to disbelieve that theory of the case. *Collins v. State, supra.*

The judgment of the trial court is affirmed.

NOTE—Reported at 383 N.E.2d 326.