Robert Lee WARREN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 683 S 221.

Supreme Court of Indiana.

Nov. 19, 1984.

Roy L. Dickinson, Franklin, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Robert Lee Warren, was convicted by a jury of rape, a Class A felony, Ind.Code § 35–42–4–1 (Burns Supp. 1984), of criminal deviate conduct, a Class A felony, Ind.Code § 35–42–4–2 (Burns Supp.1984), and of criminal confinement, a Class D felony, Ind.Code § 35–42–3–3 (Burns 1979 Repl.). Thereafter, the trial court enhanced the presumptive sentence on each offense and ordered that the sen-

tences be served consecutively. Defendant was sentenced to the Indiana Department of Correction for a term of eighty-three years. His direct appeal raises the following two issues:

1. Whether the trial court erred in refusing to read to the jury two of defendant's tendered instructions;

2. Whether the trial court erred in enhancing defendant's sentences and ordering that they be served consecutively.

A review of the facts most favorable to the state shows that on July 6, 1982, the victim, S.K., spent part of the morning and the early afternoon doing yard work outside her Johnson County home. Sometime that afternoon, defendant drove his car into S.K.'s driveway, rolled down his window and identified himself to S.K. as an insurance salesman. He asked her for directions to a particular residence. After S.K. indicated that she did not know where he wanted to go, defendant left only to return a short time later. Defendant then persuaded S.K. to allow him to use her telephone inside the house. S.K. returned to the yard to continue her yard work. A few minutes later S.K. heard the telephone ring and ran inside to answer it. Defendant remained in the house and stood directly behind S.K. as she talked on the telephone. When she hung up the telephone defendant grabbed her by the arm and displayed what appeared to be a gun under a rag. He then threatened to "blow her away" if she did not cooperate. Defendant directed S.K. to the bedroom where he ordered her to remove her clothes. While in the bedroom, defendant forced S.K. to perform fellatio and have sexual intercourse with him. After they finished, he ordered her to get dressed and forced her outside into his car. Defendant then drove to an isolated area in the country where he threatened her life again and raped her repeatedly. Several hours later, defendant released S.K. and she ran home immediately.

## I.

◼ Defendant first contends that the trial court's refusal to read to the jury his tendered instructions numbers 2 and 3 constitutes reversible error. Defendant's tendered instruction number 2 purported to explain that defendant had raised the defense of consent to all the charges against him. It read as follows:

"I instruct you that the defendant has raised the defense of consent. The consent of the complaining witness (alleged victim) constitutes an absolute defense. Therefore, if you find that S.K. consented to the acts of intercourse and criminal deviate conduct you may find for the defendant and enter a verdict of not guilty."

Defendant now argues that his testimony supported a consent defense and that he was therefore entitled to have an instruction given on that defense. We agree with the general principle relied on here that a defendant is entitled to an instruction on any defense which has some foundation on the evidence. *See, e.g., Harrington v. State,* (1980) Ind.App., 413 N.E.2d 622. However, it is equally well settled that it is not reversible error for the trial court to refuse a tendered instruction when the subject matter of that instruction is covered by other instructions given by the court. *Powers v. State,* (1982) Ind., 431 N.E.2d 799; *Mack v. State,* (1983) Ind., 457 N.E.2d 200. Here, a review of the crimes for which defendant was charged shows that all three have force or lack of consent as an element. The record shows that the trial court properly charged the jury regarding all the elements of each crime, including the lack of consent element. Thus, when considered as a whole, the instructions given by the trial court covered the subject matter of the refused instruction.

◼ Defendant also alleges that he was entitled to have his tendered instruction number 3 read to the jury. This instruction read as follows:

"The testimony of the victim may, by itself, be sufficient to support a conviction for Rape, Criminal Deviate Sexual Conduct, and Criminal Confinement. In the same respect, the testimony of the

defendant may, by itself, be sufficient to support an acquittal of the defendant, and a finding by you that the defendant is not guilty."

Defendant argues that without this instruction the jury was unaware that they could find him not guilty based solely on his testimony. He further argues that to' solely instruct the jury that a conviction may stand on the uncorroborated testimony of the victim improperly singles out a particular witness as having greater weight than that of another witness. We do not agree that any error was committed by the trial court here in light of the other instructions read to the jury. The concept present in defendant's tendered instruction number 3 was sufficiently conveyed through other instructions. The trial court did read to the jury defendant's tendered instruction number 1 which informed the jury that defendant was a competent witness and his testimony should be considered and weighed the same as any other witness.

Under these circumstances, defendant could not have been prejudiced by the trial court's refusal of tendered instruction number 2 or 3 and therefore there was no error here.

## II.

Defendant next contends that the trial court exceeded its discretion in sentencing him to a total sentence of eighty-three years. At the close of the sentencing hearing the trial court announced that the aggravating circumstances in this case justified enhancement of the basic penalties as well as the imposition of consecutive sentences. Both Class A felonies, rape and criminal deviate conduct, were enhanced by an additional ten years. The two-year presumptive sentence for the Class D felony, criminal confinement, was enhanced by an additional year.

Defendant first argues that there were mitigating factors which the trial court did not specify in its findings and that he was entitled to have the court consider these factors. These factors were that defendant had no prior criminal record and that

the victim in this case sustained no physical injuries.

It is firmly established that when the trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or aggravating circumstances. The record must further show that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives to be served by that sentence. *Washington v. State,* (1981) Ind., 422 N.E.2d 1218; *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316; *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513. Furthermore, we have consistently held that under our present sentencing statutes the alternative ways of increasing a particular sentence are not mutually exclusive. A court may, upon consideration of relevant facts and information, increase the basic penalties, impose consecutive sentences, or both. *Washington v. State,* 422 N.E.2d at 1221; *Mott v. State,* (1980) 273 Ind. 216, 402 N.E.2d 986; *Inman v. State,* (1979) 271 Ind. 491, 393 N.E.2d 767.

In this case, the trial judge stated that he had viewed the criteria set out in the sentencing statutes as well as the relevant facts of the case prior to the hearing. Then he specifically stated that he found no mitigating circumstances to support a reduction of the base penalties for any of the felonies.

We find that the trial court had the discretion to determine that the matters asserted by defendant to be mitigating were not mitigating circumstances under the facts of this case. Although defendant had no prior criminal convictions, a child molesting and a rape charge were pending against him in other counties. Such "criminal activity" may be considered by the trial court when sentencing a particular defendant. *See, Perry v. State,* (1980) Ind.App., 401 N.E.2d 792. Defendant also points out

that the victim sustained no physical injuries as a result of this incident. We believe that the trial court had the discretion to disregard this fact since the victim offered no resistance after the defendant had threatened to kill both her and her husband.

Defendant finally argues that the total sentence of eighty-three years is manifestly unreasonable because it is disproportionate to the nature of the offense and because the same set of aggravating circumstances was used to enhance each of the basic penalties as well as to impose consecutive sentences.

First, we note that our scope of review is defined within our Rules for the Appellate Review of Sentences, and "The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the offense and character of the offender." Ind. R.Ap.Rev.Sen. 2.

Here, the trial court listed all of the factors which he considered to be aggravating. He found that defendant had been charged with sex crimes pending in other counties. He considered the nature in which the crime was committed as an aggravating circumstance, including the fact that defendant gained entry into the victim's home by pretending to be an insurance salesman. The trial court further noted that the defendant raped S.K. not once, but repeatedly.

Sentencing is a decision within the trial court's discretion and will be reversed only upon a showing of manifest abuse of discretion. *Washington v. State*, 422 N.E.2d at 1221. Here, the trial court considered the facts of the specific crimes and the character of the offender and gave a sentence within the statutory limits. He gave sufficient aggravating circumstances to support both the enhanced sentences and the imposition of consecutive terms. Under the circumstances of this case, we cannot say the sentences are manifestly unreasonable.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court could be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.