Anthony WATKINS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S446.

Supreme Court of Indiana.

May 29, 1986.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Anthony Watkins was found guilty by a jury in the Delaware Circuit Court of two counts of robbery and one count of murder, all class A felonies. He was sentenced to a total of thirty (30) years and on direct appeal raises two issues for our consideration:

1. sufficiency of the evidence; and

2. prosecutorial misconduct during closing argument.

The evidence most favorable to the State suggests that Appellant, Delmond Evans, Willie Murphy, and James Smith, were to-

gether on the night of the crime and decided to make some money by robbing someone. They saw victims, Holding and Cook, walking down the street. The four exited the car and began following Holding and Cook. Appellant, Evans, and Smith picked up pieces of rock, brick, or concrete. Holding testified he heard a rock fly by his head, followed by footsteps chasing him and Cook. Holding subsequently was struck in the mouth with a rock and Cook was struck on the head with a piece of concrete. Appellant then took Cook's wallet and Evans took Holding's wallet. The four then fled. Cook later died from the injuries received.

## I

Appellant claims there was insufficient evidence to convict him since the evidence showed nothing more than that he was present at the scene. Although there was conflict in the evidence, we find it sufficient. Co-defendant Murphy did testify that he and Appellant were some distance behind Evans and Smith, and that Evans and Smith actually threw the stones or pieces of concrete at the victims and robbed them of their wallets. Smith testified, however, that it was Appellant who took Holding's billfold, and that Evans took Cook's wallet. Smith admitted on the stand that previously he had claimed Appellant threw one of the rocks, but that he had changed his story on the stand and said that he, Smith, had thrown the stone and implicated Appellant only to protect himself. Holding, however, testified that three rocks were thrown. He said one "whizzed" by his head, one struck him, and the other struck Cook. The police also found three missiles at the scene, two of them being rocks or stones and one being a chunk of a concrete block. The concrete block had blood and hair on it which matched the type of hair taken from Cook. There is no conflict in the evidence but that all four of the perpetrators gathered after they left the scene to divide the stolen money, although the wallets contained very little money.

Once sufficiency of evidence is challenged, we neither weigh the evidence nor judge the credibility of witnesses; rather, we look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. It is within the jury's province to believe whomever they choose to believe, and on appeal we do not second guess their decision concerning the credibility of the witnesses. *Robinson v. State* (1985), Ind., 486 N.E.2d 986, 988; *Crabtree v. State* (1968), 250 Ind. 645, 646–647, 238 N.E.2d 456, 457. Furthermore, where two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederates committed in furtherance of the common design. *Goodloe v. State* (1982), Ind., 442 N.E.2d 346, 348; *Mosley v. State* (1977), 266 Ind. 675, 677, 366 N.E.2d 648, 649. It is not necessary to show the defendant personally participated in each element of the crime. *Stroud v. State* (1983), Ind., 450 N.E.2d 992, 996.

## II

Appellant next alleges the trial court erred in allowing the State to mention the following during final argument:

"The only—the things that [Smith] changed if you'll recall my questioning of him is that he told the Grand Jury that he picked up a rock, that [Appellant] did. That Smith had one and [Appellant] had one and Evans had one. That's what he told the Grand Jury and that's what he told you here that he told the Grand Jury. But now that his friend is on trial he says, 'Well I just made up the part about him picking up the rock.' Well, do you believe that? ... We know conclusively ... that Bob Cook got hit in the back of the head with a hunk of cement ... There were three hunks of cement ... We also know that Holding got hit in the mouth with a hunk of cement ...

[T]hat accounts for two (2) of those ... And then you remember Holding says we were walking down the street and I heard something go whizzing over our heads ... That was another rock, wasn't it? That's what Holding says he believes that it was. A rock or something flew over our heads. And I turned around and I was confronted by a black man. That's three rocks, isn't it? Now, who was it that threw that third rock ... that went whizzing over their heads that started the whole thing? He did."

Appellant objected on the basis that the Prosecutor was arguing facts not in the evidence, thereby subjecting Appellant to grave peril. The court overruled the objection. The determination of the proper scope of final argument is within the trial court's discretion; his decision will not be overturned absent clear proof that he abused his discretion. *Roose v. State* (1983), Ind., 449 N.E.2d 594, 597. Counsel may, in final argument, point out reasonable inferences based on the evidence presented at trial. *Id.* The prosecutor did not mention any fact that had not been put into evidence. As set forth above, there was testimony that Appellant picked up a rock. There also was testimony that three rocks were thrown. Prosecutor's comment that Appellant threw the rock which flew past Holding's head is a reasonable inference based on this evidence, especially in light of evidence that Evans and Smith threw the concrete that struck the victims.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.