**Gregory TYRA, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 585S209.**

Supreme Court of Indiana.

May 7, 1987.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Gregory Tyra, was convicted by a Tippecanoe Superior Court jury of burglary, a class B felony, theft, a class D felony, and arson, a class B felony. The trial court sentenced Appellant to twelve (12) years for burglary, and two (2) years for theft, both terms to be served concurrently. Appellant received a ten (10) year term for arson which was ordered consecutive to the other two sentences. In this direct appeal, Appellant raises the following issues for our review:

1. sufficiency of the evidence;

2. error in ruling that Appellant could not call an expert defense witness; and

3. whether the trial court's sentencing Appellant to consecutive terms for burglary and arson was manifestly unreasonable.

The facts supporting the jury's determination of guilt are as follows. On January 1, 1984, at approximately 6:35 a.m., Fireman Steven Anderson left his house for work. He noticed smoke coming from another house in the area. Upon investigation, he found the entire south side of the house engulfed in flames. The fire department was called to handle the fire.

When the fire was under control, firemen entered the house and found it had been ransacked. Police and fire investigators were called. They found a broken basement window near the rear of the house and pry marks on the front door. Blood was found on the broken window and on items in one of the upstairs bedrooms. It was determined the fire started in one of the downstairs bedrooms. By analyzing the burn pattern on the bedroom floor, the investigators determined the fire was started with gasoline. They could not determine what was used to ignite the gasoline, but theorized it could have been a match or even the heat from a burning light bulb near the gas vapors. The fire inspectors concluded the fire was the work of an arsonist.

The next day, the police were at the scene continuing their investigation. Detective Stonebraker noticed Appellant and his brother, Kenneth Tyra, out on the street. Stonebraker questioned the two as to their presence in the neighborhood. Stonebraker knew the two did not live in the area. Appellant stated they were trying to line up snow shoveling jobs. Stonebraker noticed Kenneth Tyra had a bandage on his right thumb, and there were blood stains on the fringe of his coat pocket.

Stonebraker asked both men to empty their pockets. When they refused, Stonebraker started to "pat down" Appellant. Appellant informed Stonebraker he had a blank starters pistol in his coat pocket. Stonebraker also found a wrist watch and lapel pin in Appellant's possession. Appellant's brother had a wrist watch and coin purse in his possession. Stonebraker wrote a description of these items and the serial numbers, and allowed the two to leave.

The owners of the house, who were vacationing in Arizona, were called and asked about the items Stonebraker found on Appellant and his brother. The owners indicated they had similar items in their house before it was burned. Based on this, Stonebraker got warrants for the arrest of Appellant and his brother.

At the police station, Kenneth Tyra first gave a statement that he alone committed the burglary and arson. After more questioning, however, Kenneth admitted Appel-

lant also was involved. Kenneth stated he and Appellant were coming home from a New Year's Eve party and they decided to break into a house to get money for alcohol and drugs. Kenneth searched the upstairs while Appellant stayed downstairs. While Kenneth could not say for sure, he thought Appellant went into the garage because Appellant mentioned there was a motorcycle in the garage. There also was gasoline stored in the garage. Kenneth remembered that when the two left, a lamp without a lamp shade was on in the downstairs bedroom. Kenneth admitted he and Appellant left with all the items Detective Stonebraker had found on them the day after the fire, and with many other items the owners of the house reported missing.

## I

 First, Appellant claims his convictions for burglary, theft, and arson are not supported by sufficient evidence. He argues the only evidence which connects him to these crimes is the testimony of his brother, Kenneth Tyra. Basically, Appellant argues that Kenneth's testimony is incredible and unworthy of belief. Appellant points out several inconsistencies in Kenneth's testimony, including the fact Kenneth failed a polygraph test. Appellant attempts to show that his brother implicated Appellant to get himself off the hook.

When sufficiency of the evidence supporting a criminal conviction is raised on appeal, this Court does not reweigh the evidence nor judge the credibility of the witnesses. We consider only the evidence favorable to the State and all reasonable inferences drawn therefrom. If there is substantial evidence of probative value supporting the conviction, the jury's finding will not be disturbed. *Atkinson v. State* (1986), Ind., 498 N.E.2d 389, 390; *Hensley v. State* (1986), Ind., 497 N.E.2d 1053, 1056. Here there was substantial evidence supporting Appellant's conviction.

Kenneth Tyra testified Appellant participated in the burglary and theft of the house. Kenneth also placed Appellant in the garage where the gasoline was stored, and in the bedroom where the fire started. A lamp was left burning in that room. According to Kenneth, Appellant was the only one of the two to go into that bedroom. A fire investigator testified that heat from a burning light bulb was capable of igniting gasoline vapors. Finally, Appellant was found in possession of some of the articles stolen from the house.

Appellant's sufficiency argument attacks the credibility of his brother's testimony. A witness's credibility is solely within the province of the jury. *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211, 1213. We have reviewed the record and do not agree with Appellant's contention that his brother's testimony is inherently incredible. Appellant is merely asking us to reweigh the evidence which we will not do. In our opinion, there was sufficient evidence presented to support his convictions for burglary, theft, and arson.

## II

 Appellant claims the trial court erred in refusing to permit the defense to call a local attorney to testify as an expert witness on plea agreements. The state filed a motion *in limine* to prevent this testimony. Appellant objected to the granting of the motion *in limine*, stating that if the attorney was allowed to testify he would state that the plea agreement entered into by Appellant's brother was an attractive offer and one that would have been readily recommended by any local defense counsel. The trial court ruled the proposed testimony was not the proper subject matter for an expert witness, overruled the objection, and granted the State's motion *in limine*. Appellant did not call the expert witness to offer the testimony. This issue, has therefore been waived.

Merely challenging a trial court's ruling on a motion *in limine* fails to preserve any error for review. The office of such a motion is not to obtain a final ruling upon the admissibility of evidence. *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 909;

*Norton v. State* (1980), 273 Ind. 635, 408 N.E.2d 514, 525. In order to raise the question of error, the evidence must be offered at trial to give the trial court an opportunity to rule on its admissibility at that time. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 93, *cert. denied,* —— U.S. ——, 106 S.Ct. 1241, 89 L.Ed.2d 349; *Smith v. State* (1981), Ind., 426 N.E.2d 364; *McCraney v. State* (1981), Ind., 425 N.E.2d 151. By not offering the expert's testimony at trial Appellant has failed to preserve any error.

### III

Finally, Appellant argues the imposition of consecutive sentences for burglary and arson was an abuse of the trial court's discretion. We disagree.

■ Sentencing is a decision within the trial court's discretion and will be reversed only upon a showing of manifest abuse of that discretion. *Warren v. State* (1984), Ind., 470 N.E.2d 342, 346. When the trial court uses its discretionary power to impose consecutive terms, the record must disclose what factors were considered to justify such a sentence. *Warren,* at 345. The record must also show that the sentence was based on a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives to be served by that sentence. *Id.* A court may, upon consideration of relevant facts and information, increase presumptive penalties, impose consecutive sentences, or both. *Id.*

■ In this case the trial court made the following findings. The offenses were very serious and were committed against elderly victims. By setting the house on fire, much more harm was done than was necessary to commit the burglary and theft. Appellant committed these crimes when he was supposed to be in prison for a previous offense. Further, Appellant had a history of criminal activity as well as a history of drug and alcohol abuse. Given this, we find the trial court did not abuse

its discretion in ordering consecutive sentences.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN, and DICKSON, JJ., concur.