

**FILED**

Jun 15 2018, 11:07 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General

Andrew Kobe
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Lee Laird,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | June 15, 2018<br><br>Court of Appeals Case No.<br>69A05-1707-CR-1709<br><br>Appeal from the Ripley Circuit<br>Court<br><br>The Honorable Ryan J. King,<br>Judge<br><br>Trial Court Cause No.<br>69C01-1601-F4-2 |

**Mathias, Judge.**

[1] Robert Lee Laird ("Laird") was convicted in Ripley Circuit Court of Level 4 felony child molesting and sentenced to ten years of incarceration. Laird

appeals and presents one issue, which we restate as whether the trial court erred by admitting evidence regarding the search history found on Laird's computer.

[2] We affirm.

## Facts and Procedural History

[3] On December 25, 2015, twelve-year-old C.L. went to spend the latter part of Christmas Day with his father, having spent the earlier part of the holiday with his mother. Laird is C.L.'s uncle, the twin brother of C.L.'s father, and was also at C.L.'s father's house that evening. C.L. had received a new iPad as a gift that day and sat on the couch close to his uncle Laird while they both played a game on the iPad. As they sat on the couch, Laird rubbed his pinky finger on C.L.'s penis over his clothing. C.L. initially thought Laird had done this accidentally, but when Laird kept touching him, he knew that it was improper. C.L. told his older sister about the incident but did not tell his father at that time.

[4] Later that evening, Laird invited C.L. to sleep in a twin bed with him. When C.L. lay down with his uncle, Laird put his arms around the boy and slowly moved his hands down until he touched C.L.'s penis over his clothes. C.L. repositioned himself to get away from Laird's hand. Laird then took C.L.'s hand and placed it under his clothes and on his penis. C.L. stated that he needed to get a drink of water and got up and left the bed. But instead of getting a drink, he again told his older sister, who told him that they needed to tell their father about what had happened. C.L. told his father, who then ordered his brother to leave the house. C.L. also sent a text message to his mother, telling

her that she needed to contact him. C.L.'s mother eventually came and got her son and took him back to her home. C.L.'s parents called the police to report the incident.

[5] During the course of the investigation, the police interviewed Laird twice. At the first interview, Laird claimed that C.L. was not innocent, stating that the boy had been playing with a toy lightsaber and pretending it was an erect penis. He also stated that C.L. had attempted to embarrass his sister while she was on the phone by eating a banana and being "provocative" with the banana. Tr. Vol. 3. pp. 44–45. Although Laird admitted that he rubbed C.L.'s belly while they were in bed, he denied having ever touched C.L.'s penis or making C.L. touch his penis. During a second interview, Laird again denied having touched C.L. improperly or having C.L. touch him improperly. He did state, however, that if he did touch C.L. inappropriately, it would have been accidental. During the police interview, Laird admitted that he was attracted to younger males, or as he put it, "younger dudes." Tr. Vol. 3, p. 89. He also responded positively when asked if he found "young teens sexually attractive." *Id.* at 90. But he later backtracked and claimed to be attracted only to "of age teens." *Id.* at 92.

[6] The police searched Laird's computer. On a password-protected account with Laird's name, the police found an internet search history that included searches for "naked twelve year old boy," "nude twelve year old boy," "young boy giving his first handjob," "young boy giving a handjob," and "boys first handjob fast cum," in addition to other searches for naked young boys' penises,

father-son sex acts, and sex acts between men and boys. Appellant's App. Vol. 2, pp. 75–103.

[7] On January 28, 2016, the State charged Laird with one count of Level 4 felony child molesting. Prior to trial, the State filed a notice of intent to introduce evidence under Evidence Rule 404(b) regarding the following: (1) Laird's internet search history from December 12, 2015 showing that Laird searched for the terms "naked twelve year old boy" and "nude twelve year old boy"; (2) Laird's internet search history from December 22, 2015 showing that Laird searched for the terms "young boy giving his first handjob," "young boy giving a handjob," and "boys first handjob fast cum"; (3) Laird's 2016 conviction for dissemination of matter harmful to minors in which the victim was his underage niece; and (4) an incident in 1999 in which a nine-year-old boy alleged that Laird placed touched the child's genitals while in a hotel hot tub.

[8] Laird filed a motion seeking to exclude this evidence. The trial court held a hearing on these evidentiary matters on April 15, 2017. At the conclusion of the hearing, the trial court ruled that only the evidence of the searches on December 22, 2015, which was only three days before the incident with C.L., would be admissible; the court ruled that evidence regarding the other internet searches and prior incidents would be inadmissible.

[9] A jury trial was held on April 18–20, 2017. During the State's opening statement, the prosecuting attorney mentioned Laird's internet searches on

December 22, 2015. Laird's counsel objected, and the following exchange between the trial court and defense counsel took place:

> [Defense]: Just objecting for the record, that I don't think the evidence is going to show this and that it's inappropriate for Opening Statement, just objecting for the record.

> THE COURT: Well, the record will reflect that and I think it's already been ruled upon in preliminary, I haven't heard any reason to be contrary to that ruling.

Tr. Vol. 2, p. 94.

[10] Indiana State Police Detective Sergeant Christopher Cecil testified that he searched Laird's computer and found the search history that included searches for the terms "young boy giving his first handjob," "young boy giving a handjob," and "boy's first handjob fast cum," all on December 22, 2015. *Id.* at 132–33. Laird made no objection to this testimony. *See id.*

[11] Immediately prior to the State's closing argument, Laird's counsel informed the trial court, "I just want the record to reflect the continuing objection to the three google search terms that I objected to in [the prosecuting attorney]'s opening statement so that I'm not interrupting in, during his closing argument." *Id.* at 156. The prosecuting attorney responded, "And I think for the record, Judge, [defense counsel] has objected throughout the preliminary proceedings in regards to the use of those, he objected in opening and I certainly understood his intentions for that objection and they continue throughout the trial." *Id.*

[12] The jury found Laird guilty as charged. At a sentencing hearing held on June 28, 2017, the trial court sentenced Laird to ten years of incarceration. Laird now appeals.

## Discussion and Decision

[13] Laird's sole argument on appeal is that the trial court erred in admitting the evidence regarding the internet search history found on his computer. Decisions regarding the admission of evidence are left to the sound discretion of the trial court. *Harrison v. State*, 32 N.E.3d 240, 250 (Ind. Ct. App. 2015), *trans. denied*. On appeal, we review the trial court's decision only for an abuse of that discretion, and the court abuses its discretion only if its decision regarding the admission of evidence is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id*.

[14] To preserve a claim of evidentiary error for purposes of appeal, a defendant must make a contemporaneous objection at the time the evidence is introduced. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (citing *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000)). This is true regardless of whether the appellant filed a pre-trial motion seeking to exclude the evidence in question. *Id*. "The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors." *Id*.

[15] Here, Laird filed a pre-trial motion in limine to exclude reference to his internet search history; he also objected when the prosecutor referenced the internet search evidence in the State's opening statement. However, Laird did not object

at the time the evidence was introduced at trial.[1] He therefore failed to preserve the issue for appeal.[2] *See id.* Our conclusion is not altered by the fact that Laird made a "continuing" objection prior to the State's closing argument. At that point, the evidence in question had already been presented to the jury, and it was too late to make a continuing objection. *See id.* (concluding that appellant failed to preserve evidentiary issue where his attempt to lodge a continuing objection was made only after the jury was presented with all of the evidence in question).

[16] A claim that has been forfeited by a defendant's failure to make a timely objection can still be reviewed on appeal if the court determines that a fundamental error occurred. *Id.* However, the fundamental error exception to the contemporaneous-objection requirement applies only "'when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.'" *Id.* (quoting *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006)). The alleged error must either make a fair trial impossible or constitute clearly blatant

---

[1] For the same reason, we think Evidence Rule 103(b) is inapplicable. This rule provides that "Once the court rules definitively on the record at trial a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Here, the court did not rule definitively on the record *at trial* because Laird failed to make an objection at trial *when the evidence was offered*. Had he done so, and the trial court overruled his objection, then Evidence Rule 103(b) would have acted to preserve a claim of error even if Laird did not continue to object after the trial court's initial evidentiary ruling. *See K.G. v. State*, 81 N.E.3d 1078, 1080 (Ind. Ct. App. 2017) (noting that the defendant preserved his claim of evidentiary error by renewing his pre-trial objection at the time the evidence was admitted, giving the trial court the opportunity to definitively rule on the record per Evidence Rule 103(b)).

[2] The State does not argue that Laird failed to preserve his claim of evidentiary error. The State acknowledges that Laird did not object at the time the evidence was admitted but argues that the result is the same regardless of whether we view the issue was one of preserved error or fundamental error.

violations of basic and elementary principles of due process. *Id*. (citing *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009)). The fundamental error exception is "extremely narrow" and reaches only those errors that are so blatant that the trial judge should have taken action *sua sponte*. *Knapp v. State*, 9 N.E.3d 1274, 1281 (Ind. 2014) (citing *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014). "In sum, fundamental error is a daunting standard that applies 'only in egregious circumstances.'" *Id*. (quoting *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003)).

[17] Laird contends that the evidence regarding his internet search history was inadmissible under Indiana Evidence Rule 404(b). This rule provides:

> **(b) Crimes, Wrongs, or Other Acts.**
>
> (1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted Uses; Notice in a Criminal Case*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
> > (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> >
> > (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

[18] Evidence Rule 404(b) is designed to prevent the jury from making the "forbidden inference" that prior wrongful conduct suggests present guilt. *Halliburton v. State*, 1 N.E.3d 670, 681 (Ind. 2013) (citing *Byers v. State,* 709 N.E.2d 1024, 1026–27 (Ind. 1999)). Or, as stated in *Bassett v. State*, 795 N.E.2d 1050, 1053 (Ind. 2003), the purpose behind Evidence Rule 404(b) is to "prevent[] the State from punishing people for their character, and evidence of extrinsic offenses poses the danger that the jury will convict the defendant because . . . he has a tendency to commit other crimes." (internal quotation omitted). In assessing the admissibility of evidence under Evidence Rule 404(b), the trial court must first determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act, and then balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403. *Halliburton*, 1 N.E.3d at 681–82 (citing *Wilson v. State*, 765 N.E.2d 1265, 1270 (Ind. 2002)). The effect of Rule 404(b) is that evidence is excluded only when it is introduced to prove the forbidden inference of demonstrating the defendant's propensity to commit the charged crime. *Rogers v. State*, 897 N.E.2d 955, 960 (Ind. Ct. App. 2008), *trans. denied*.

[19] Here, the State argues that the evidence regarding Laird's internet search history was admissible under Evidence Rule 404(b)(2) to prove his "preparation" or "plan" to molest C.L.

[20] In support of its argument, the State relies on *Remy v. State*, 17 N.E.3d 396 (Ind. Ct. App. 2014), *trans. denied*. In that case, the defendant was convicted of

several counts of child molesting and one count of performing sexual conduct in the presence of a minor. The conduct of the defendant towards his victim, his girlfriend's eleven-year-old son, reads like a parade of horrors. Included in Remy's depraved behavior was wrapping the boy's nude body in plastic wrap and then performing oral sex on him. During the trial, the State introduced several explicit pornographic images that had been found in the defendant's home. Among these images was one of a man wrapped in plastic wrap engaging in oral sex with another man.

[21] On appeal, Remy argued *inter alia* that the trial court erred by admitting the explicit pornographic images because they were irrelevant, unduly prejudicial, and inadmissible under Evidence Rule 404(b). The State argued that the images were properly admitted to prove the defendant's plan to commit the charged crimes and that he was "clearly grooming" the victim. *Id*. at 399. The court cautioned that:

> [w]e believe this case presents an example of how a real danger exists that rationales such as "plan" and "grooming" are becoming all-purpose excuses to admit prejudicial evidence in child molestation cases. We must take care to ensure that Rule 404(b)'s exceptions do not swallow the rule.

*Remy*, 17 N.E.3d at 399–400 (footnote omitted). The *Remy* court concluded that the admission of the images did implicate Evidence Rule 404(b) because some of the pornographic images appeared to include children and because showing the pornography to the victim might itself constitute the crime of dissemination of materials harmful to a minor. *Id*. Ultimately, the court held:

> Because the danger of unfair prejudice accompanying the admission of these pornographic images substantially outweighs their probative value, we conclude the trial court erred by admitting the vast majority of these images. Given our standard of review, *the fact that Remy showed the image involving saran wrap and oral sex to [the victim], and the image's strong parallel to one of the charged acts, we would conclude the trial court did not abuse its discretion by admitting [the image involving plastic wrap and oral sex].* However, the remainder of the challenged images should not have been admitted at trial.

*Id.* at 401 (emphasis added).

[22] In the present case, the evidence regarding Laird's internet search history is similar to the pornographic image involving plastic wrap in *Remy*. That is, the evidence of Laird's internet search history is admissible under the "plan" exception in Rule 404(b)(2) because the searches were close in time to when Laird committed the acts against C.L. and because Laird searched the internet for behavior to what he did to C.L.—young boys manipulating men's penises.

[23] We also note that the trial court did not permit the State to introduce other evidence found on Laird's computer and only permitted the State to introduce evidence of Laird's internet search history that was both close in time and very similar to his actions against C.L. Given these facts and circumstances, the trial court did not err in admitting the evidence of Laird's internet search history under the "plan" exception to Evidence Rule 404(b). *See Remy* 17 N.E.3d at 401. This is true regardless of whether we view Laird's claim under the abuse of discretion standard or the fundamental error standard.

[24]    The State also argues that the evidence of Laird's internet search history was admissible under the "intent" exception. The intent exception is available only "when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent." *Goldsberry v. State*, 821 N.E.2d 447, 455 (Ind. Ct. App. 2005). Laird argues that he denied committing the acts against his nephew and did not place his intent at issue. Although Laird did not assert a contrary intent at trial, he did state in his pre-trial statements to the police that, if he touched nephew in an inappropriate manner, it was accidental. This is sufficient to place his intent at issue. *See Iqbal v. State*, 805 N.E.2d 401, 408 (Ind. Ct. App. 2004) (defendant's pre-trial statement to the police that a firearm went accidentally was sufficient to place his intent at issue and therefore permit state to introduce evidence of a prior incident in which defendant threatened defendant), *trans. denied*. Accordingly, the evidence regarding Laird's internet search history was also admissible under the "intent" exception found in Evidence Rule 404(b)(2).

[25]    Lastly, we are of the opinion that any error in the admission of Laird's internet search history was harmless. We will not reverse a conviction due to evidentiary error unless this error affects the substantial rights of the defendant. *Teague v. State*, 978 N.E.2d 1183, 1189 (Ind. Ct. App. 2012). An error is harmless if there is substantial independent evidence of guilt and we are satisfied that there is no substantial likelihood the challenged evidence contributed to the conviction. *Id*.

The evidence against Laird consisted mostly of the testimony of the victim. C.L.'s testimony was consistent and unequivocal. He also informed his sister of the touching immediately after they occurred and thereafter told his father, all on the same night that the touching occurred. Moreover, although Laird denied touching C.L. in his pre-trial statements to the police, he admitted to being sexually attracted to younger males. Given the strength of the evidence against Laird, the contested admitted evidence was merely cumulative. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Riley, J., concurs.

May, J., concurs in result with a separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Lee Laird,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
69A05-1707-CR-1709

**May, Judge, concurring in result.**

I agree with the majority that the trial court did not err when it admitted evidence of Laird's internet search history from three days before the charged crime. However, I disagree with the majority's holding that Laird waived this issue because defense counsel did not properly object at trial to the admission of the contested evidence. Therefore, I concur in result.

The majority holds Laird failed to preserve this matter for appeal because he did not object when the evidence was admitted. The majority holds that for the objection to preserve error for appeal, the trial court must have ruled "*at trial . . . when the evidence was offered.*" Slip op. at ¶15 n.1. Historically, motions in limine did not preserve issues for appeal, *Tyra v. State*, 506 N.E.2d 1100, 1102 (Ind. 1987), because a trial court needed to be given the opportunity to rule on

the admissibility of evidence in the context of the other evidence and arguments presented during trial. *Id*. at 1103. Once the trial court had so ruled, parties could request a "continuing objection" to "avoid the futility and waste of time inherent in requiring repetition of the same unsuccessful objection each time evidence of a given character is offered." *Hayworth v. State*, 904 N.E.2d 684, 692 (Ind. Ct. App. 2009).

[30] However, in 2014, Evidence Rule 103 was edited such that it now provides: "Once the court rules definitively on the record at trial a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Ind. Evid. Rule 103(b). Thus, the modified Rule has eliminated the need for parties to request a continuing objection or to object repeatedly to the same class of evidence after the court has ruled once at trial.

[31] Here, the trial court had ruled on the admissibility prior to trial, denying the admission of much of the evidence the State sought to admit, but admitting evidence of three internet searches conducted on December 22, 2015. At trial, Laird did not wait to object when the State offered the December 22 internet search evidence; rather, he objected during the State's opening argument when the State mentioned the evidence collected from the search:

> [State]:   . . . and the evidence will show that this was planned.
> Just three days prior, the Defendant's laptop Google
> search shows that he made three separate searches.

* * * * *

[Defense Counsel]: Just objecting for the record, that I don't think the evidence is going to show this and that it's inappropriate for Opening Statement, just objecting for the record.

The Court: Well, the record will reflect that and I think it's already been ruled upon in preliminary, I haven't heard any reason to be contrary to that ruling.

(Tr. Vol. II at 93-94.)

[32] Laird renewed that objection prior to closing argument in anticipation of the State mentioning the evidence again: "I just want the record to reflect the continuing objection to the three google search terms that I objected to in [the State's] opening statement so that I'm not interrupting in, during his closing argument." (Tr. Vol. III at 156.) The State indicated it "certainly understood [Laird's] intentions for that objection and they continue throughout the trial." (*Id.*)

[33] On appeal, the State acknowledges in its brief that, although Laird did not object when the evidence was admitted,

the prosecutor explicitly stated his understanding that Defendant had intended for his objection to this evidence to continue throughout the trial and there was no difference between the evidence as discussed prior to trial and the evidence as admitted at the trial such that the court might have viewed the issue differently had Defendant explicitly asked the court to revisit its ruling in the context of the trial.

(Appellee's Br. at 9 n.2)

[34]     While the best practice would still be to object contemporaneously with the admission of any disputed evidence, Evidence Rule 103 was amended to allow parties to rely on the existence of a continuing objection after a trial court has ruled definitively at trial. This rule does not limit the definition of "at trial" to when the evidence is offered during witnesses' testimony; as a result, because an opening argument occurs "at trial," Laird's objection should be viewed as sufficient. The trial court rejected Laird's objection during opening arguments, and the parties agree the trial court's ruling would not have changed if Laird had reasserted it when the evidence was offered. Under these circumstances, I believe a party has presented adequate objection to preserve an evidentiary issue for appeal.

[35]     Nevertheless, as I agree with the final result reached by the majority, I respectfully concur in result.