## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 25 2019, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Snapp,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 25, 2019

Court of Appeals Case No.
18A-CR-1041

Appeal from the Vigo Superior Court

The Honorable Michael J. Lewis, Judge

Trial Court Cause No.
84D06-1412-FA-3138

**Mathias, Judge.**

[1] Following a jury trial in Vigo Superior Court, Kevin Snapp was convicted of four counts of Class A felony child molesting, four counts of Level 1 felony

child molesting, five counts of Class C felony child molesting, five counts of Level 4 felony child molesting, five counts of Class B felony vicarious sexual conduct, and five counts of Level 3 felony vicarious sexual conduct. Snapp appeals and presents one issue, which we restate as whether the trial court abused its discretion in admitting into evidence the videotaped forensic interviews of the five victims even though the victims testified at trial.

[2] We affirm.

## Facts and Procedural History

[3] At the time relevant to this appeal, Snapp was friends with Shelly S. ("Shelly") and her family. Shelly thought of Snapp as a brother, and her daughters A.S., born in May 2008, and S.S., born in August 2009, considered Snapp to be their uncle. In 2011, Snapp began to babysit Shelly's children and later the children of Shelly's coworker Jamie R. ("Jamie"): daughter G.C., born in January 2005; daughter A.R., born in October 2008; and son E.O., born in June 2010. In 2014, Snapp watched both Shelly and Jamie's children overnight while they worked.

[4] Snapp subjected the children to horrific, repeated sexual abuse. He fondled all of the girls and inserted his finger into their sexual organs. He also offered the children treats if they would perform oral sex on S.S. and made the girls perform oral sex on each other. Snapp had the four girls perform oral sex on E.O. Snapp also performed oral sex on all five children, and he made S.S., A.S., A.R. and E.O. perform oral sex on him. Snapp took photographs and video

recordings of the children naked and engaged in various sexual acts using a mobile phone. G.C. also saw obscene anime cartoons on Snapp's computer. In an effort to hide his sexual abuse of the children, Snapp threatened the children that if they told anyone what happened, they would get into trouble.

[5] In November 2014, Shelly's children disclosed the abuse to their mother, and she immediately informed Jamie. At the time of the disclosure, A.S. was six years old, S.S. was five, G.C. was nine, A.R. was six, and E.O. was four. Shelly and Jamie reported the abuse to the police and took their children to the hospital for examination. On December 11 and 12, 2014, all five children were individually interviewed at the Child Advocacy Center by a caseworker from the Department of Child Services.

[6] On December 18, 2014, the police executed a search warrant on Snapp's apartment and arrested Snapp. During interrogation by the police, Snapp admitted that his username for the computers in his apartment complex's computer lab was "Ksnapp" and that he used a username for an email address and a YouTube account of "snappator" or "snapperator2" Ex. Vol., State's Ex. 30 at 6:40, 14:40, 15:25. Snapp also admitted that he once had a small purple smartphone that he used to view pornography but claimed that he had disposed of that phone. He further admitted that he had some child pornography sent via email on that same cell phone.

[7] Based on the information garnered during Snapp's interrogation, the police searched the computer lab in Snapp's apartment complex. There, they found a

computer with a password-protected user profile with the username "KSnapp." This profile contained image files depicting anime cartoon children in sexually explicit poses with bare breasts. *Id.* at State's Exs. 25–28. This same profile also contained an image showing A.R.'s mouth on her brother E.O.'s penis. *Id.* at State's Ex. 6. This image was sent on July 30, 2014 to or from the email address "ksnappanator614@gmail.com." *Id.*

[8]    As a result of its investigation, the State charged Snapp with five counts of Class A felony child molesting, five counts of Level 1 felony child molesting, five counts of Class C felony child molesting, five counts of Level 4 felony child molesting, five counts of Class B felony vicarious sexual conduct, and five counts of Level 3 felony vicarious sexual conduct.

[9]    On September 8, 2017, the State filed a motion under the Protected Persons Statute ("PPS") to admit the videotaped forensic interviews of the children. In response, Snapp filed a motion to exclude the children's recorded interviews. The trial court held a hearing on the matter on February 16, 2018. On the first day of the hearing, the State presented the videotaped interviews of Jamie's children, G.C., A.R., and E.O., and these children were available for purposes of cross-examination by Snapp. The State indicated that G.C. would be available to testify at trial, but argued that A.R. and E.O. were unavailable to testify at trial for purposes of the PPS. Snapp argued that the State failed to show that these two children were unavailable. The trial court agreed with Snapp and found that G.C., A.R., and E.O. were all available to testify at trial. On the second day of the PPS hearing, the State presented the videotaped

interviews of Shelly's daughters, A.S. and S.S., and Snapp's counsel cross-examined both girls regarding their videotaped statements. The trial court found that, for purposes of the PPS, these two witnesses were unavailable to testify at trial.

[10] Snapp's jury trial commenced on February 26, 2018. At the trial, the State offered into evidence the videotaped forensic interviews of all five children over Snapp's objections. The trial court allowed the State to play the videos of A.S.'s and S.S.'s interviews, followed by videos of Snapp's cross-examination of these two witnesses at the PPS hearing. A.S. and S.S. did not testify at the trial, but the State did call G.C., A.R., and E.O. and as witnesses.

[11] The first of these witnesses, A.R., testified regarding her age and why she was in court. She also identified Snapp and testified as to her school and grade level. The State then played the video of A.R.'s forensic interview over Snapp's objection. Although she was available for cross-examination, Snapp's counsel did not ask A.R. any questions.

[12] The State then called E.O. to the stand, who testified regarding his name, age, and where he went to school. He also stated that he was in court because of Snapp. But when asked whether he could identify Snapp, E.O. responded negatively. The State then played the video of E.O.'s forensic interview over Snapp's objection. Again, although E.O. was available for cross-examination, Snapp's counsel asked him no questions.

[13] The State then called G.C. to testify. She too testified regarding her name, age, and where she went to school. When asked why she was in court, G.C. indicated that she was there because of Snapp. Unlike E.O., however, G.C. was able to identify Snapp. Once again, the State played the video of G.C.'s forensic interview over Snapp's objection. On cross-examination, Snapp asked G.C. whether she remembered accusing another man of touching her when she was three years old. G.C. indicated that she did not remember this.

[14] Following the close of its case-in-chief, the State moved to dismiss Counts 5 and 10 of the information, which alleged Class A felony child molesting and Level 1 felony child molesting with E.O. as the named victim. The trial court granted this motion. The jury subsequently found Snapp guilty on the remaining counts, and, on March 29, 2018, the trial court sentenced Snapp to an aggregate term of 129 years of incarceration. Snapp now appeals.

# Discussion and Decision

[15] On appeal, Snapp argues that the trial court abused its discretion by admitting into evidence the videos of the forensic interviews of the three children who also testified at trial. Snapp argues that, because the children testified at trial, the videos of their interviews were inadmissible.

*A.  Standard of Review*

[16] Decisions regarding the admission of evidence are entrusted to the discretion of the trial court. *Laird v. State*, 103 N.E.3d 1171, 1175 (Ind. Ct. App. 2018), *trans. denied* (citing *Harrison v. State*, 32 N.E.3d 240, 250 (Ind. Ct. App. 2015), *trans.*

*denied)*. On appeal, we review the trial court's decision only for an abuse of that discretion. *Id.* The court abuses its discretion only if its decision regarding the admission of evidence is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id.*

[17] To preserve a claim of evidentiary error for purposes of appeal, a defendant must make a contemporaneous objection at the time the evidence is introduced. *Id.* (citing *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010)). This is true regardless of whether the appellant filed a pre-trial motion seeking to exclude the evidence in question. *Id.* "The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors." *Id.* Even if a party objects at trial, he may not object to the admission of evidence on one ground at trial and seek reversal on appeal based on different grounds. *Boatner v. State*, 934 N.E.2d 184, 187 (Ind. Ct. App. 2010).

*B. Snapp Failed to Preserve His Appellate Argument*

[18] Snapp argues that the trial court abused its discretion in admitting the videos of the interviews with G.C., A.R., and E.O., because these children also testified at trial. He contends that, where the State chooses to present a child victim's live testimony, the PPS does not apply, and the videos were therefore inadmissible. *See Cox v. State*, 937 N.E.2d 874, 878 (Ind. Ct. App. 2010) (holding that trial court committed reversible error by permitting child witness to testify at trial regarding preliminary matters and then also admitting recorded forensic interview of child), *trans. denied*. This, however, was not the basis of Snapp's objections at trial.

[19] Instead, Snapp objected on grounds that the State did not meet its burden of demonstrating that the videos were reliable, that there was a lack of foundation and authentication, that the statements in the videos were hearsay, that the admission of the videos would violate his right to confrontation as guaranteed by the Sixth Amendment, that his counsel was not present at the time the videos were taken, that the State did not establish the chain of custody, and that the children were not under oath at the time of the statements.[1] Tr. Vol. 3, pp. 194–95, 236; Tr. Vol. 4, pp. 51, 55, 57. Because Snapp argues on appeal that the videos were inadmissible based on grounds that he did not argue below, his claim of error was not preserved.[2] *See Boatner*, 934 N.E.2d at 187–88 (holding that defendant failed to preserve his argument that victim's statements were inadmissible under the Confrontation Clause where his grounds for objection at trial was that the statements were hearsay).[3]

---

[1] At the PPS hearing, Snapp also argued that the State had not shown that testifying at trial would cause serious emotional distress to the children. Tr. Vol. 2, pp. 109–10, 131–32, 160. As noted, the trial court agreed with regard to the three children who did testify at trial.

[2] Snapp did argue in his pre-trial Motion to Exclude Hearsay Statements of Children that "[a] party may not introduce testimony via the protected person statute if the complaining witness testifies in open court *as to the same matters.* To allow both the hearsay and the testimony would create cumulative evidence which can be unfairly prejudicial." Appellant's App. p. 103 (emphasis added). This is close to, but still different than, Snapp's argument on appeal that, if their recorded interviews were admitted, the children could not testify *at all*, or that if they testified at all, the recorded interviews were inadmissible. More importantly, Snapp only made this argument in his pre-trial motion and did not present this argument when the evidence was admitted at trial. *See Laird*, 103 N.E.3d at 1175 (noting that pre-trial motion is insufficient to preserve evidentiary error for appeal and that the opponent of evidence must make a contemporaneous objection when the challenged evidence is introduced at trial).

[3] Snapp makes no argument that the admission of the children's statements constituted fundamental error.

# Conclusion

[20] Snapp failed to object to the introduction of the videos of the children's forensic interviews on the same grounds that he now argues on appeal. As a result, this issue was not properly preserved for appellate review, and we must affirm the judgment of the trial court.

[21] Affirmed.

Bailey, J., and Bradford, J., concur.