

**FILED**

Dec 05 2019, 5:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan D. Bower
Bower Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer L. Hall,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 5, 2019<br><br>Court of Appeals Case No.<br>19A-CR-203<br><br>Appeal from the Washington<br>Superior Court<br><br>The Honorable Frank Newkirk,<br>Jr., Judge<br><br>Trial Court Cause No.<br>88D01-1802-F4-173 |

**Mathias, Judge.**

[1] Jennifer Hall ("Hall") was convicted in Washington Superior Court of Level 4 felony aiding the dealing of a narcotic drug. Hall appeals her conviction and argues that the evidence is insufficient to prove that she "manufactured" heroin, the enhancing circumstance that elevated her offense to a Level 4 felony. Hall also argues that the trial court committed fundamental error when it admitted

evidence of her prior criminal history and drug use in violation of Evidence Rule 404(b).

[2] Concluding that Hall has not established fundamental error, but that the evidence is insufficient to support her Level 4 felony conviction, we reverse and remand with instructions to vacate Hall's Level 4 felony conviction, enter a judgment of conviction for Level 5 felony dealing, and resentence Hall accordingly.

## Facts and Procedural History

[3] On October 12, 2017, Special Agent Kristi Schumacher ("Agent Schumacher")[1] of the Bureau of Alcohol, Tobacco, Firearms, and Explosives worked with a confidential informant ("CI") to set up a controlled buy for heroin from John Losson ("Losson"). The CI arranged for Agent Schumacher to purchase one gram of heroin for $200.00.

[4] Agent Schumacher and the CI arrived at the prearranged location of the buy, an alley near CVS in Salem, Indiana. Shortly thereafter, a silver vehicle drove into the alley, and Agent Schumacher recognized the driver, Losson. She also noticed a woman, later identified as Hall, sitting in the passenger seat.

[5] Agent Schumacher and the CI walked up to Losson's vehicle on the passenger side. Losson handed a baggie containing heroin to Hall, and Hall handed it to

---

[1] Agent Schumacher was an Indiana State Trooper on the date of the controlled buy.

Agent Schumacher. Because the baggie did not contain a gram of heroin, Agent Schumacher gave $140 to Hall. Hall then gave the money to Losson. The agent asked if "the product was good." Tr. p. 64. Losson replied, "oh yeah," and Hall looked at the agent and shook her head yes. *Id*. The CI then asked Losson if she could buy "go go," i.e. methamphetamine, and Losson replied that he was working on that. *Id*. The substance in the baggie was later confirmed to be .28 gram of heroin.

[6] On February 23, 2018, Hall was charged with Level 4 felony aiding, inducing, or causing dealing in a narcotic drug. The State alleged that Hall was an accomplice to manufacturing heroin because Losson packaged the drug.

[7] A two-day jury trial commenced on October 16, 2018. Agent Schumacher and Hall were the only witnesses at trial. Both Hall's counsel and the State elicited testimony concerning her prior criminal convictions and her history of drug use.

[8] The jury was given an accomplice liability instruction, and in addition to an instruction on the Level 4 felony offense, the jury was instructed that it could find Hall guilty of the lesser-included Level 5 felony offense. Tr. pp. 140, 142. Hall was found guilty of the Level 4 felony as charged. On December 26, 2018,

the trial court ordered her to serve six years in the Department of Correction. Hall appeals her conviction.[2]

## I. Sufficient Evidence of Manufacturing

First, Hall argues that the State failed to prove that she "manufactured" heroin, which elevated her offense from a Level 5 felony to a Level 4 felony. A person who knowingly or intentionally delivers heroin commits a Level 5 felony. *See* Ind. Code § 35-48-4-1(a)(1). However, the offense is a Level 4 felony if "the amount of the drug involved is less than one (1) gram and an enhancing circumstance applies[.]" I.C. 35-48-4-1(c)(2).

Enhancing circumstances are defined in Indiana Code section 35-48-1-16.5 and include that "the person manufactured or financed the manufacture of the drug." And "manufacture" means,

> (1) For offenses not involving marijuana, hashish, or hash oil:
>
>> (A) the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, *and includes any packaging or repackaging of the substance or labeling or relabeling of its container.* It does

---

[2] We held oral argument in this case at Hamilton Southeastern High School in Fishers, Indiana, on November 25, 2019. We extend our gratitude to the students, faculty, and staff for their hospitality. We would like to specially acknowledge Mary Armstrong and Janet Chandler for their kind assistance. We also thank the attorneys for the quality of their written and oral advocacy.

not include the preparation, compounding, packaging, or labeling of a controlled substance:

> (i) by a practitioner as an incident to administering or dispensing of a controlled substance in the course of a professional practice; or

> (ii) by a practitioner, or by the practitioner's authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis and not for sale; or

> (B) the organizing or supervising of an activity described in clause (A).

Ind. Code § 35-48-1-18(1) (emphasis added).

Here, the State charged Hall as follows:

> on or about the 12th day of October, 2017, . . . Hall did then and there knowingly or intentionally aid, induce or cause JOHN J. LOSSON . . . in the commission of the offense of DEALING IN A NARCOTIC DRUG where the amount of the drug involved is less than one (1) gram and John J. Losson manufactured the drug by packaging, by participating in a hand to hand buy of heroin between John J. Losson and an undercover officer wherein Jennifer L. Hall was the front passenger in a vehicle driven by John J. Losson; Jennifer L. Hall received the suspected heroin from John J. Losson, accepted the pre-recorded enforcement aid money from the undercover officer, and handed said undercover officer the suspected heroin[.]

Appellant's App. p. 17.

[12] There is no question that Losson and Hall committed Level 5 felony dealing in heroin, and the parties stipulate to the propriety of that conviction. With regard to her claim of insufficient evidence, Hall only challenges the Level 4 felony enhancement and argues that the evidence was insufficient to establish that she aided Losson in packaging the heroin.

[13] The State argues that Agent Schumacher's testimony concerning the common practices of drug dealers in southern Indiana is sufficient evidence to support the Level 4 felony enhancement. The agent testified that in her "training and experience and working as an undercover officer in southern Indiana," dealers typically sell small amounts of the drug in "either a cut off corner baggies [sic] or small Ziploc baggies." Tr. p. 58. Dealers generally "buy what they can afford, usually an eight (8) ball, which is around, it's approximately three point five (3.5) grams. They'll take that back to their home or where ever they cut it, and then they divvy that up into the corner baggies, smaller packages and then push that out into the community." Tr. p. 59.

[14] The agent testified that the CI arranged for her to purchase approximately one gram of heroin for $200 from Losson, a suspected dealer in the area. The agent then described the drug deal that led to the charges in this case. During cross-examination, the agent was asked if she believed that Losson packaged the heroin, and she replied in the affirmative. Tr. p. 76.

[15] Agent Schumacher's testimony is too speculative to prove beyond a reasonable doubt that Losson packaged the heroin that was sold in this case. We agree

with the State that it is likely that he did package a larger amount of heroin into smaller baggies. But the mere likelihood that he did so based on common practices of drug dealers is not sufficient evidence to prove beyond a reasonable doubt that Losson packaged the heroin.

[16] Importantly, even if the agent's testimony was sufficient to prove that Losson packaged the heroin, there is no evidence that Losson packaged the heroin in Hall's presence or that Hall had any knowledge of its packaging. The accomplice liability statute provides that "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense" commits that offense. Ind. Code § 35-41-2-4. When we evaluate a defendant's culpability as an accomplice, we consider the defendant's: (1) presence at the crime scene; (2) companionship with another at the crime scene; (3) failure to oppose the commission of the crime; and (4) course of conduct before, during, and after the commission of the crime. *Griffin v. State*, 16 N.E.3d 997, 1004 (Ind. Ct. App. 2014).

[17] Here, there was no evidence that Hall had any knowledge of how or when Losson packaged the heroin. There was no evidence that Losson had scales or baggies in Hall's presence or in the vehicle. The State only proved that Hall knew that Losson was dealing heroin to Agent Schumacher, and Hall was present during the crime and assisted Losson. This evidence is sufficient to support a Level 5 felony dealing conviction, but not the Level 4 felony dealing conviction requiring additional proof of manufacturing. *See* I.C. §§ 35-48-4-1, 35-48-1-16.5.

For all of these reasons, we conclude that the evidence is insufficient to support Hall's Level 4 felony dealing conviction. We reverse her conviction and remand this case to the trial court with instructions to vacate Hall's Level 4 felony conviction, enter a judgment of conviction for Level 5 felony dealing and resentence Hall accordingly.[3]

## II. Evidence of Hall's Prior Criminal History and Drug Use

Hall also argues that her conviction should be reversed because the trial court admitted evidence of unrelated bad acts that prejudiced Hall and subjected her to grave peril. Initially, we observe that Indiana Evidence Rule 404(b) generally prohibits "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Moreover,

> Evidence Rule 404(b) is designed to prevent the jury from making the "forbidden inference" that prior wrongful conduct suggests present guilt. . . . [T]he purpose behind Evidence Rule 404(b) is to prevent[ ] the State from punishing people for their character, and evidence of extrinsic offenses poses the danger that the jury will convict the defendant because ... he has a tendency to commit other crimes. In assessing the admissibility of evidence under Evidence Rule 404(b), the trial court must first determine that the evidence of other crimes, wrongs, or acts is

---

[3] Because we reverse Hall's Level 4 felony dealing conviction, we need not address her argument that the manufacturing statute is unconstitutionally vague and overbroad.

relevant to a matter at issue other than the defendant's propensity to commit the charged act, and then balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403. The effect of Rule 404(b) is that evidence is excluded only when it is introduced to prove the forbidden inference of demonstrating the defendant's propensity to commit the charged crime.

*Laird v. State*, 103 N.E.3d 1171, 1176–77 (Ind. Ct. App. 2018) (citations and internal quotation marks omitted), *trans. denied*.

[20] Hall mentions numerous instances wherein she claims evidence was admitted in violation of Evidence Rule 404(b). These include testimony that Hall's deceased husband was a drug dealer who was shot and killed, that her two pregnancies resulted in still births, that she is addicted to methamphetamine, her association with drug dealers, her prior criminal history, and testimony that she lied in a prior plea hearing when she admitted to committing theft so that she could be released from jail. Importantly, Hall's testimony concerning these prior acts was elicited during her direct examination. *See* Tr. pp. 83–85, 89–90.

[21] We agree with the State that Hall has invited the alleged error of which she now complains. A party may not take advantage of an error that she invites. *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014); *see also Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018) (stating that invited error forbids a party from "taking advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct"). And "[i]nvited error precludes relief from counsel's strategic decisions gone awry." *Brewington*, 7

N.E.3d at 975. *See also Batchelor v. State*, 119 N.E.3d 550, 558 (Ind. 2019) (noting care must be taken to ensure the record demonstrates "the error resulted from the appellant's affirmative actions as part of a deliberate, well-informed trial strategy") (internal quotation omitted).

[22] Hall also challenges testimony that the State elicited without objection on cross-examination. During questioning relating to Hall's prior drug use and how often she purchased drugs, the State asked her who her dealer was. Hall refused to give the State his name. The State repeatedly asked Hall for the name of her dealer and used Hall's refusal to name the person to attack her credibility.

[23] Because Hall's counsel failed to object to the State's questions, Hall must establish fundamental error. "An error is fundamental . . . if it 'made a fair trial impossible or constituted a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm.'" *Durden*, 99 N.E.3d at 652 (quoting *Knapp v. State*, 9 N.E.3d 1274, 1281 (Ind. 2014)). "These errors create an exception to the general rule that a party's failure to object at trial results in a waiver of the issue on appeal." *Durden*, 99 N.E.3d at 652 (citing *Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002)). The exception is very narrow and "encompasses only errors so blatant that the trial judge should have acted independently to correct the situation." *Id.*

[24] Because Hall testified extensively concerning her prior drug use and criminal history, we cannot conclude that admission of the challenged evidence constitutes fundamental error. Moreover, the evidence overwhelmingly

establishes that Hall committed Level 5 dealing, a conclusion that Hall does not challenge on appeal. *See Halliburton v. State*, 1 N.E.3d 670, 683 n.7 (Ind. 2013) ("Where evidence of guilt is overwhelming any error in the admission of evidence is not fundamental.").

# Conclusion

The evidence is insufficient to support Hall's Level 4 felony dealing conviction because the State failed to prove an enhancing circumstance as required by Indiana Code section 35-48-4-1(c)(2). We therefore reverse Hall's Level 4 felony conviction and remand this case to the trial court with instructions to enter a judgment of conviction for Level 5 felony dealing and resentence Hall accordingly.

Reversed and remanded for proceedings consistent with this opinion.

Pyle, J., and Altice, J., concur.