## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Darren Bedwell
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephanie Schofield,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 31, 2020

Court of Appeals Case No.
19A-CR-1751

Appeal from the
Marion Superior Court

The Honorable
David Hooper, Magistrate

Trial Court Cause No.
49G12-1804-CM-12845

**Kirsch, Judge.**

[1] Stephanie Schofield ("Schofield") was convicted in a bench trial of criminal mischief[1] as a Class B misdemeanor and raises one issue, which we restate as whether there was sufficient evidence to support her conviction.

[2] We affirm.

## Facts and Procedural History

[3] On December 8, 2017, Pamela Hearn ("Hearn") returned to her home to find Schofield sitting in her car in Hearn's driveway. *Tr. Vol. 2* at 11-12. Hearn was familiar with Schofield because Schofield was dating her son John, and Schofield and John had two children together. *Id.* at 9-10. When Hearn arrived, she observed Schofield as she "jumped in her car and backed out of the driveway at a high rate of speed." *Id.* at 12. As Schofield drove away, she nearly struck Hearn's vehicle with her own. *Id.* at 14.

[4] Hearn pulled up to her home, exited her vehicle, and saw that many items outside were damaged: windows and a window frame were cracked and broken; siding was cracked and partially removed; a flower pot was knocked over; a shepherd's hook lawn ornament was bent at a forty-five degree angle; her front door was scratched; and a Christmas wreath was broken. *Id.* at 16-23. Next to Hearn's broken window and damaged front door was a car jack that did not belong to Hearn. *Id.* at 22-23.

---

[1] *See* Ind. Code § 35-43-1-2(a).

[5] On April 8, 2018, Schofield was charged with criminal mischief as a Class A misdemeanor. *Appellant's App. Vol. II* at 18. The information alleged that Schofield had damaged the door, window, siding, and lawn ornaments in front of Hearn's home. *Id.*

[6] On June 20, 2018, ten weeks after Schofield was charged, Schofield again came to Hearn's house, and the two women talked. *Tr. Vol. 2* at 27. Hearn told Schofield she was not supposed to be at the house and said, "[Y]ou broke my window." *Id.* at 38. Schofield responded, "I'll pay for that window when John pays for damages to my house." *Id.* at 39.

[7] On May 16, 2019, Schofield was convicted following a bench trial of the lesser-included offense of Class B misdemeanor criminal mischief following a bench trial. *Id.* at 70. The trial court imposed a 180-day suspended sentence and ordered Schofield to pay restitution to Hearn. *Id.* at 92; *Appellant's App. Vol. II* at 104-05. Schofield now appeals.

## Discussion and Decision

[8] Schofield contends the evidence was insufficient to support her conviction for criminal mischief as a Class B misdemeanor. She raises two arguments. First, Schofield admits that Hearn's property was damaged but argues the evidence was insufficient to show that she was the person who damaged Hearn's property. She discounts Hearn's testimony that she saw Schofield leaving Hearn's property by contending this testimony establishes only that she was present at the scene of the crime, which, standing alone, is insufficient to

support an inference of participation in the crime. *See Fox v. State*, 179 Ind. App. 267, 274, 384 N.E.2d 1159, 1165 (1979). Second, Schofield claims that her statement that she would pay for the damage to Hearn's window was inadmissible and should not be considered in determining whether the evidence to support her conviction was sufficient. Relying on Indiana Rule of Evidence 408, Schofield claims this statement was a statement of negotiation or offer to compromise and was thus inadmissible. *See* Ind. Evidence Rule 408(a)(2).

[9] When we review the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Rather, we will affirm a conviction if we find that any reasonable factfinder could find a defendant guilty beyond a reasonable doubt when considering all the facts and inferences that favor the conviction. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). The evidence need not exclude every reasonable hypothesis of innocence, but it must support a reasonable inference of guilt to support the verdict. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). To prove that Schofield committed criminal mischief as a Class B misdemeanor, the State was required to show that Schofield recklessly, knowingly, or intentionally damaged or defaced Hearn's property without Hearn's consent. *See* Ind. Code § 35-43-1-2(a).

[10] The evidence was sufficient to support Schofield's conviction for Class B misdemeanor criminal mischief because the evidence reasonably supported an inference that Schofield damaged Hearn's home and other property. When Hearn left her home on the morning of December 8, 2017, it was not damaged.

*Tr. Vol. 2* at 20, 21, 23. When Hearn returned home later that day, Schofield was in Hearn's driveway, and Hearn's property was damaged. *Id*. at 13, 16, 17, 18, 23. A car jack that did not belong to Hearn was found on her property. *Id*. at 22. Schofield drove away from Hearn's residence at a high rate of speed. *Id*. at 12, 14. When Hearn later confronted Schofield about Hearn's broken window, Schofield said, "I'll pay for that window when John pays for damages to my house." *Id*. at 39. Viewed most favorably toward the verdict, these facts support a reasonable inference that Schofield committed Class B misdemeanor criminal mischief. *See Willis v. State*, 27 N.E.3d 1065, 1068 (Ind. 2015) (presence at scene in connection with other circumstances that show participation, and defendant's conduct before, during, and after the offense may raise a reasonable inference of guilt).

[11] We reject Schofield's argument that Hearn's testimony that Schofield said she would pay for Hearn's broken window was inadmissible because it was an offer of settlement or compromise under Indiana Evidence Rule 408. Schofield acknowledges that she did not object on this basis in the trial court, so this argument is waived. *See Laird v. State*, 103 N.E.3d 1171, 1175 (Ind. Ct. App. 2018), *trans. denied*. Moreover, Schofield's statement was admissible under Indiana Evidence Rule 801(d)(2) as a statement by a party opponent. Finally, as the State observes, Schofield is entitled to no relief under Indiana Evidence Rule 408 because her statement was not made "during compromise negotiations about the claim" with her party opponent, the State of Indiana, but was instead directed at Hearn, Schofield's victim.

[12]    Affirmed.

Bailey, J., and Mathias, J., concur.